ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 18 2008

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **I WILL NOT LOSE, LLC**<br>a Georgia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ICONIX BRAND GROUP, INC**<br>a Delaware Corporation,<br><br>**SHAWN COREY CARTER**<br>*(also known as Jay Z)*<br>an individual,<br><br>Defendants. | Civil Action No.<br><br>1 08-cv-2929<br><br>-ODE |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, I Will Not Lose, LLC (hereinafter referred to as "I Will Not Lose"), and by way of its Complaint alleges the following against Defendants Iconix Brand Group, Inc. ("Iconix") and Shawn Carter ("Carter") (collectively hereinafter referred to as "Defendants"):

1

## Statement of the Case

1.  This is an action at law and in equity for: Federal Unfair Competition, False Designation of Origin, and Reverse Confusion, each under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all caused by the Defendants' deliberate, willful and malicious acts.

## The Parties

2.  Plaintiff I Will Not Lose, LLC is a corporation organized and existing under the laws of the State of Georgia, having a principal place of business at 1507 Pine Drive, Building F, Suite 8, College Park, Georgia 30349, and doing business in this judicial district.

3.  Defendant Iconix Brand Group, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at: 1450 Broadway, 4th Floor, New York, New York, 10018. Iconix can be served through its registered agent at: (1) CT Corporation System, 111 Eighth Avenue, New York, New York, 10011; (2) Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808; and/or (3) The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. On information and belief, the Defendant Iconix is doing and transacting business in this judicial district, including, *inter alia*, the acts

2

of distributing, offering for sale, selling, marketing, advertising and promoting the Rocawear clothing brand, in which the I WILL NOT LOSE trademark is used on or in association therewith.

4. On information and belief, Shawn Corey Carter (a/k/a Jay Z) is an individual residing in either the State of New Jersey and/or the State of New York, and may be served with process at one or more of the following addresses: (1) 1265 15th Street, Fort Lee, New Jersey 07024-1947; (2) 534 Flushing Avenue, Apt. 5C, Brooklyn, New York 11206-5159; (3) 152 W. 57th Street, Floor 19W, New York, New York 10019-3310; and/or (4) 200 Old Palisade Road, Penthouse 4, Fort Lee, New Jersey 07024-7056. On information and belief, Carter currently serves as Chief Creative Officer of the relevant Iconix-owned Rocawear. Defendant Shawn Carter is individually and through Defendant Iconix doing and transacting business in this judicial district, and in conjunction with the Defendant Iconix, controls, directs or otherwise has responsibility for the various deliberate and willful acts committed against Plaintiffs. Defendant Shawn Carter is jointly and severally liable for the various deliberate and willful acts committed against Plaintiffs.

## Jurisdiction and Venue

5. This is an action at law and in equity for: Federal Unfair Competition, False Designation of Origin, and Reverse Confusion, each under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

6. This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331 and 1338(a).

7. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) through diversity of citizenship, as the action is between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds seventy-five thousand dollars ($75,000).

8. This Court has personal jurisdiction over Defendant Iconix, at least for the reason that Iconix has used, introduced, marketed and promoted its products, together with the infringing I WILL NOT LOSE trademark, into Georgia's stream of commerce, and as such, does business in the State of Georgia. This and other activities equate to such minimum contacts with Georgia such that the maintenance of this action does not offend traditional notions of fair play and substantial justice. Furthermore, Iconix has maintained such systematic and continuous minimum contacts with the State of Georgia that it would reasonably anticipate responding to the courts of the State of Georgia.

9. On information and belief, this Court has personal jurisdiction over the Defendant Carter, at least for the reason that Carter has directed the infringing products and infringing campaign into Georgia's stream of commerce and, as such, does business in the State of Georgia. This and other activities equate to such minimum contacts with Georgia such that the maintenance of this action does not offend traditional notions of fair play and substantial justice. Furthermore, Carter has maintained such systematic and continuous minimum contacts with the State of Georgia that he would reasonably anticipate responding to the courts of the State of Georgia.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391.

## Applicable Facts

11. Plaintiff distributes, promotes and sells clothing and related apparel, under the I WILL NOT LOSE trademark, within the State of Georgia, and through interstate commerce.

12. Since at least as early as April 2004, Plaintiff has continuously offered and advertised its clothing and related apparel through the State of Georgia, and (since at least as early as October 2005) through interstate commerce, under the I WILL NOT LOSE mark ("Plaintiff's Mark"). On January 9, 2006, the Plaintiff had sought, and subsequently received, federal trademark registration for its mark,

I WILL NOT LOSE, and was assigned Registration No. 3201223. (*See*, Exhibit A, hereto, constituting various exemplary uses of Plaintiff's Mark).

13. Additionally, the Plaintiff offers for sale, through interstate commerce, its I WILL NOT LOSE branded clothing and related apparel through its online store, accessible at *www.iwillnotlose.net*. Yet further, Plaintiff had made sales in a prominent sports store (i.e., Sports Avenue) located in the famous and nationally-recognized "Historic Underground Atlanta" mall and shopping area, accessible just off Interstate-85. As such, Plaintiff's Mark is distinctive and readily recognized among the relevant consuming public.

14. Iconix is a massive marketing and brand company that, *inter alia*, markets, licenses, distributes, promotes and sells brand clothing products across the United States, including Georgia, and worldwide. Specifically, Iconix owns the brands Candie's, Bongo, Badgley Mischka, Joe Boxer, Mudd, Rampage, London Fog, Mossimo, OP, Danskin, Starter, Cannon, Fieldcrest, Charisma, Royal Velvet, and, of course, the subject Rocawear clothing line.

15. Upon information and belief, Carter created the Rocawear apparel line in 1999. Rocawear has sales in the United States (including Georgia) and worldwide, including Canada, Europe, Japan, the United Kingdom, Russia, Korea and the Middle East. Rocawear is offered for sale in department stores (e.g.,

Macy's, Dillards, Belk, Bon Ton, and Carson Pririe Scott), specialty stores (e.g., Demo, Jimmy Jazz, Dr. Jays, Up Against The Wall and Levtran) and through various internet sites (e.g., www.rocawear.com).

16.     In March of 2007, Defendant Iconix purchased the company Rocawear (including all intellectual property rights) for $205 million dollars.

17.     On information and belief, the Defendant Carter continues to, at least in part, control, direct, and manage the Rocawear product line development, marketing, advertising and licensing efforts.

18.     Despite the Plaintiff's prior and continuous use of its Mark, the Defendants have adopted the identical mark, I WILL NOT LOSE (the "Infringing Mark"), and are offering, marketing, distributing and selling clothing and related apparel under this Infringing Mark, through interstate commerce and worldwide. Plaintiff is advised, and on that basis alleges, that the Defendants began such use well after the Plaintiff's first and senior use of the mark, and thus the Defendants are junior and infringing users of the I WILL NOT LOSE mark.

19.     Furthermore, and it is believed under the direction of the Defendant Carter, Iconix has implemented a new Rocawear clothing advertising campaign, billed under the infringing "I WILL NOT LOSE" mark, and with an accompanying and infringing web address of *www.iwillnotlose.org*. The campaign, promoted

7

online and otherwise, includes, *inter alia*, documentaries and print ads containing the I WILL NOT LOSE mark used on or in association with clothing and related apparel, and further features famous recording artists, such as Ciara and Chris Brown sharing their personal stories of overcoming various challenges or obstacles in life, and thereafter reciting the statement "I Will Not Lose"; thereby, giving purpose and meaning to the I WILL NOT LOSE mark (which purpose and meaning the Plaintiff has been imbuing in, and associating with, its Mark since at least as early as April 2004, as noted *infra*). The campaign is nationwide and, upon information and belief, has exponentially increased the revenue stream for the Rocawear brand.

20.   Iconix' I WILL NOT LOSE campaign further includes, *inter alia*, (1) brand booklets/advertisements containing the I WILL NOT LOSE mark (*see* Exhibit B hereto); (2) clothing branded with the I WILL NOT LOSE mark (*see* Exhibit C hereto); (3) magazine advertisements containing the I WILL NOT LOSE mark (*see* Exhibit D hereto); (4) vehicles branded with the I WILL NOT LOSE mark (*see* Exhibit E hereto); (5) store front and retail store advertisements containing the I WILL NOT LOSE mark (*see* Exhibit F hereto); (6) websites containing the I WILL NOT LOSE mark, including *www.iwillnotlose.org* (with message boards, media, blogs, and guestbooks (and a redirect to

*www.blackplanet.com/IWILL_NOT_LOSE*) (*see* Exhibit G hereto); (7) an Official Rocawear I WILL NOT LOSE Myspace page (*http://vids.myspace.com/index.cfm?fuseaction=vids.channel&ChannelID=247926 616*) (*see* Exhibit H hereto); and (8) a YOU TUBE "I Will Not Lose" Channel (available at *www.youtube.com/user/IWillNotLose07*) (*see* Exhibit I hereto). The foregoing widespread and multiplicity of infringing uses constitute only a fraction of the Defendants' unauthorized and illicit activities involving the Plaintiff's I WILL NOT LOSE mark.

21. Plaintiff's are advised, and on that basis allege, that the Defendants have had direct actual knowledge of Plaintiffs' use of its I WILL NOT LOSE mark and the relevant consuming public's identification and recognition thereof.

22. Defendants' Infringing Mark is identical to Plaintiff's Mark in terms of appearance, sound and commercial meaning.

23. In that regard, the Plaintiff's primary purpose and meaning in selecting the I WILL NOT LOSE mark for its clothing and related apparel, was to incite strength and inspiration in any particular targeted consumer group to overcome mental obstacles, or any other obstacles or difficulties in life, and thus succeed, by adopting the mental "mantra" of "I WILL NOT LOSE", and to thus wear clothing and apparel branded with the I WILL NOT LOSE mark as a symbol

9

of this mental state of being. (*See*, Exhibit J, hereto). Unfortunately, and as can be readily seen from the multiplicity of the Defendants' illicit uses of the I WILL NOT LOSE mark, and particularly the documentaries featuring famous recording artists sharing their personal inspirational stories, the Defendants have entirely and blatantly hijacked the very purpose and commercial meaning behind the Plaintiff's mark, and all for the very same goal of selling the very same product (i.e., clothing) to the very same consumer groups.

24.     The Plaintiff is the senior user of the I WILL NOT LOSE mark, with a continuous use of its Mark dating back to at least as early as April 2004, and with an interstate commerce use at least as early as October 2005, whereas the Defendants are junior, and thus infringing, users of the identical mark, with a much later date of use.

25.     However, and because of the mega-sized and ultra-famous status of the Defendant parties, the Plaintiff and its products are now, and will continue to be, viewed as mere "knock-offs" or "counterfeits" of the Defendants' competing products, despite Plaintiff being the first and true originators of the I WILL NOT LOSE concept and product brand package. Such reverse confusion has, and will continue, to diminish Plaintiff's rightful and senior presence within the relevant marketplace, unfairly resulting in the Plaintiff's deprivation of its right to

commercially exploit its products under its Mark, and ultimately to the full annihilation of the Plaintiff and its rights in and to the I WILL NOT LOSE concept, mark and product brand package.

26. The Defendants did not seek, and do not have, the Plaintiff's authorization to utilize the I WILL NOT LOSE mark on or in associating with the Defendants' clothing line or associated advertising campaigns, and thus the Defendants' continued and illicit use of the infringing mark constitutes a violation of the Plaintiff's federal and common law rights.

## Federal Unfair Competition, False Designation of Origin, and Reverse Confusion, under Section 43(a) of the Lanham Act

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-26 of this Complaint as though fully set forth herein.

28. This cause of action for Federal Unfair Competition, False Designation of Origin, and Reverse Confusion, arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Defendants' unauthorized and illicit use of Plaintiff's I WILL NOT LOSE mark, has caused, and is likely to continue cause mistake, confusion, or deception as to the affiliation, connection, or association of Defendants and their goods with Plaintiff, and misrepresents the nature, characteristics, and qualities of

11

these goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), including but not limited to confusion and reverse confusion, which, *inter alia*, have materially impaired Plaintiff's access to its rightful marketplace.

30. Further, Defendants' use of Plaintiff's Mark in connection with Defendants' goods has caused confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' goods, in that others are likely to believe that Defendants are in some way legitimately connected with, sponsored or licensed by, or otherwise related to Plaintiff.

31. Defendants' adoption and continued use of Plaintiff's Mark was made with actual knowledge of Plaintiff's prior use of Plaintiff's Mark.

32. Defendants' use of Plaintiff's Mark is without Plaintiff's consent or permission.

33. Defendants' unauthorized and illicit acts constitute federal unfair competition, false designation of origin, and reverse confusion, under Section 43(a) of the Lanham Act.

34. By reason of Defendants' bad faith and willful infringement, Plaintiff is entitled to recover actual damages, treble damages, an accounting for profits, attorneys' fees, and the cost of this litigation pursuant to 15 U.S.C. § 1117.

35. Plaintiff is without an adequate remedy at law because Defendants' unlawful acts as set forth herein have caused great and irreparable damage to Plaintiff, presently cause great and irreparable damage to Plaintiff, and will continue to damage Plaintiff unless restrained by this Court.

36. The actions of Defendants have been conducted in bad faith, constitute stubborn litigiousness and/or have put Plaintiff to unnecessary trouble and expense, such that Plaintiff is entitled to recover from Defendants for Plaintiff's cost of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## Prayer for Relief

WHEREFORE, Plaintiff prays that:

1. Defendants be held liable under each claim for relief set forth in this Complaint;

2. As pled hereinabove, Plaintiff further prays that Defendants be required to pay to Plaintiff all damages and costs Plaintiff has suffered by reason of Defendants' unlawful acts set forth herein, together with legal interest from the date of accrual thereof;

3. Plaintiff further prays that it be granted a preliminary injunction, and thereafter permanent injunction, prohibiting Defendants from continuing their unlawful acts, as pled hereinabove;

4. Plaintiff further prays that Defendants, Defendants' agents, servants, employees, and attorneys, and all other persons in active concert or participation with Defendants, be enjoined from using Plaintiff's Mark (however spelled or punctuated, whether capitalized, abbreviated, singular or plural, printed or stylized, whether as one word or more, whether used alone or in combination with any word(s), punctuated or symbol(s), and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of Plaintiff's Mark, as a trade name, as a trademark or service mark, as a domain name, or in the offering, advertising, distribution, sale, or offering for sale of Defendants' goods;

5. Plaintiff further prays that Defendants be required to account for and pay to Plaintiff all monies wrongfully derived by Defendants through their unlawful acts set forth herein, together with legal interest from the date of accrual thereof;

6. Plaintiff further prays that Defendants be required to pay to Plaintiff its reasonable attorneys' fees and disbursements incurred herein, pursuant to 15

U.S.C. § 1117, the equity powers of this Court, and the Georgia state law;

7.  Plaintiff further prays that Defendants be required to pay to Plaintiff treble damages pursuant to 15 U.S.C. § 1117;

8.  Plaintiff further prays that Defendants be required to pay to Plaintiff punitive damages in an amount to be determined by this Court for Defendants' deliberate and willful acts, as pled hereinabove;

9.  Plaintiff further prays that Defendants be required to pay to Plaintiff the costs of this action; and,

10. Plaintiff further prays that Plaintiff be awarded such other and further relief as this Court deems just and equitable.

### Request for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted this 18th day of September, 2008

*/s/ R M Ward*
Robert M. Ward
Georgia Bar No. 775401
Ashish D. Patel
Georgia Bar No. 565894

Myers & Kaplan
Intellectual Property Law, LLC
Cumberland Center II, Suite 1400
3100 Cumberland Boulevard
Atlanta, Georgia 30339
Telephone: (770) 541-7444
Fax: (770) 541-7444
apatel@mkiplaw.com
rward@mkiplaw.com
*Counsel for Plaintiff*

16